UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3133-R-KK** | Date: | May 2, 2017 |
|---|---|---|---|
| Title: | *Ivan Maldonado-Duran v. Cynthia Entzel* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed For Failure to Exhaust Administrative Remedies [Dkt. 1]**

## I.
## INTRODUCTION

Petitioner Ivan Maldonado-Duran ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2241 ("Section 2241"). ECF Docket No. ("dkt.") 1. However, it appears Petitioner has failed to fully exhaust his administrative remedies. The Court thus orders Petitioner to show cause why this action should not be dismissed for failure to exhaust administrative remedies.

## II.
## BACKGROUND

On October 19, 2015, Petitioner, an inmate at Victorville II Federal Correctional Institution, was convicted of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and conspiracy to possess firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(o) in the Western District of Washington. 2:14-cr-0096-JCC, Dkt. 249. Petitioner was sentenced to a term of 36 months. Id.

On August 31, 2016, Petitioner was issued a disciplinary infraction, Incident Report # 2923623, by the Taft Private Correctional Institution, which resulted in the withholding of 27-days of good time credit.  Dkt. 1, Pet. at 3, 7.

On September 1, 2016, Petitioner filed a first appeal to the Federal Bureau of Prisons Western Regional Office and Federal Bureau of Prisons Central Office.  Id. at 3.

On October 1, 2016, Petitioner filed a second appeal to the Federal Bureau of Prisons Central Office.  Id. at 4.

On April 5, 2017, Petitioner constructively filed[1] the instant Petition.  Id. at 1.  Petitioner challenges the withholding of good time credit based on the disciplinary infraction issued on August 31, 2016.  Id. at 2.  Petitioner sets forth the following ground for relief: "The Taft Private Correctional Institution disallowed Good Time Credit of 27 days for and Incident Report for violation of Prison policy.  The Taft Private Correctional Institutional Staff do not have the authority to disallow Good Time Credit."  Id. at 7.

### III.
### DISCUSSION

Federal prisoners must exhaust their federal administrative remedies prior to filing a petitions for a writ of habeas corpus.  Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (holding Section 2241 does not specifically require petitioners exhaust available remedies before filing, but the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241").

The Bureau of Prisons ("BOP") has an administrative remedy procedure by which inmates can seek formal review of their complaints.  "Generally, the procedure requires a prisoner to: first attempt to resolve his complaint informally through the BP-8 procedure; then raise his complaint with the warden through the BP-9 procedure; if the matter is not resolved in a manner satisfactory to the prisoner, the prisoner then must appeal to the BOP's Regional Director through the BP-10 procedure; and the prisoner's final administrative appeal is to the BOP's Office of General Counsel through the BP-11 procedure."  Godley v. United States, No. CV-14-01166-VBF-MAN, 2014 WL 12042565, at *2 (C.D. Cal. Aug. 7, 2014), judgment entered, 2014 WL 12013446 (C.D. Cal. Aug. 7, 2014) (citing 28 C.F.R. §§ 542.10-542.19; Nigro v. Sullivan, 40 F.3d 990, 992 (9th Cir. 1994)).  "Because appeal to the General Counsel's Office is the 'final administrative appeal,' 28 C.F.R. § 542.15(a), inmates have not exhausted their administrative remedies until their requests have been filed at all levels of the process and denied at all levels."  Id.; 28 C.F.R. § 542.15.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

Here, it is unclear whether Petitioner has fully exhausted his administrative remedies. Although it appears Petitioner has filed two administrative appeals, the Court cannot determine from the face of the Petition whether Petitioner has sufficiently exhausted his administrative remedies by seeking review from the BOP's Office of General Counsel and obtaining a final determination.  See Pet. at 3-4.

### IV.
### ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed for failure to exhaust administrative remedies by filing a written response **no later than June 2, 2017**.  Petitioner should attach any documents supporting his position.  Petitioner is advised to inform the Court of any reason demonstrating exceptions to the exhaustion requirement.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached A Notice of Dismissal form.**

**The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**